UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, Plaintiff, v. J. HERNANDEZ, et al., Defendant. | Case No.: 18cv259-CAB-MDD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 21] AND GRANTING IN PART MOTION TO DISMISS [Doc. No. 15]** |
|---|---|

Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis,* filed his complaint on February 2, 2018, pursuant to 42 U.S.C. §1983, claiming that two individuals retaliated against him in violation of the First Amendment and failed to protect him in violation of the Eighth Amendment. [Doc. No. 1 at 3-25.] On August 9, 2018, Defendants moved to dismiss the failure to protect claim and all claims against both defendants in their official capacities. [Doc. No. 15-1 at 5-7.] On August 27, 2018, Plaintiff filed an opposition to the motion to dismiss. [Doc. No. 18.] On September 10, 2018, Defendants filed a reply. [Doc. No. 19.]

On December 11, 2018, Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("Report") to grant (in part) the motion to dismiss. [Doc. No. 21.] On December 20, 2018, Plaintiff filed objections to the Report. On January 2, 2019, Defendants filed a reply to Plaintiff's objections. [Doc. No. 23.] Having reviewed the

1

matter *de novo* and for the reasons that follow, the Report is **ADOPTED** and the motion to dismiss is **GRANTED IN PART** as set forth below.

REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

DISCUSSION

A. Eleventh Amendment Immunity.

Defendants are sued in both their individual and official capacities. [Doc. No. 1 at 2.] In response to Defendants' motion to dismiss, Plaintiff withdrew the claims filed against Defendants in their official capacities. [Doc. No. 18 at 2.] Accordingly, the Report with regard to this issue is **ADOPTED**, and the motion to dismiss all Defendants in their official capacities for violation of section 1983 is **GRANTED WITHOUT LEAVE TO AMEND.**

B. Failure to Protect Claim.

Magistrate Judge Dembin ruled that Plaintiff's failure to protect claim cannot survive because he fails to allege any physical injury as required by 42 U.S.C. §1997e(e). [Doc. No. 21.] In his objections, Plaintiff argues that he did not intend to bring a failure-to-protect claim, and instead intended to allege "a 'infliction of torture and terror' claim under [a] theory of 'cruel and unusual punishment.'" [Doc. No. 22 at 1.] However, this Court has already determined in the screening process under 28 U.S.C. §1915A that the only cognizable claims are retaliation and Eighth Amendment failure-to-protect claims.

[Doc. No. 5 at 8.] And while the Court found the claims cognizable, they are subject to further analysis under a Rule 12(b)(6) motion. *See Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007). As Magistrate Judge Dembin correctly noted, Plaintiff has failed to allege a physical injury and, therefore, fails to state an Eighth Amendment failure-to-protect claim. Accordingly, the Report with regard to this issue is **ADOPTED**, and the motion to dismiss the failure-to-protect claim is **GRANTED WITH LEAVE TO AMEND.**

C. Qualified Immunity.

Magistrate Judge Dembin did not reach the issue of qualified immunity. This Court also declines to reach the issue of qualified immunity at this time. Accordingly, the motion to dismiss on the basis of qualified immunity is **DENIED WITHOUT PREJUDICE.**

CONCLUSION

For the reasons set forth above, the Court **HEREBY ADOPTS** the Report in its entirety and **FURTHER ORDERS**:

1. Defendants' motion to dismiss Plaintiff's claims against Defendants in their official capacities is **GRANTED WITHOUT LEAVE TO AMEND**;
2. Defendants' motion to dismiss Plaintiff's failure-to-protect claim is **GRANTED WITH LEAVE TO AMEND;**
3. Defendants' motion to dismiss on the basis of qualified immunity is **DENIED WITHOUT PREJUDICE;**
4. Should Plaintiff choose to amend the failure-to-protect claim, then Plaintiff shall file a First Amended Complaint (FAC) no later than **February 8, 2019**. Plaintiff is cautioned that he must include **all** of his claims (**including** the retaliation claim which was not challenged in the motion to dismiss) in the FAC, so that there is one operative complaint. If Plaintiff files a FAC, the pleading must be complete in itself and may not incorporate by reference any

prior pleading.  Any defendant not named, and all claims not re-alleged, **will be deemed waived**.

5. If Plaintiff does not wish to amend the failure-to protect claim, then Plaintiff shall file a Notice of Intent to Proceed with the original complaint (as modified by this Order) no later than **February 8, 2019**.  Upon receipt of such notice, the defendants shall respond to the original complaint (as modified by this Order) within the time limits set forth in Rule 12(a)(1)(A)(i).

**IT IS SO ORDERED.**

Dated: January 9, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge