UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                                  Plaintiff,<br>v.<br><br>J. HERNANDEZ, Correctional Officer, and A. MAGALLANES, Correctional Officer,<br><br>                                Defendants. | Case No.: 18cv259-CAB-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>[ECF Nos. 41, 44] |

## I.    <u>INTRODUCTION</u>

Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants J. Hernandez and A. Magallanes (collectively, "Defendants") by filing a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 25). On August 12, 2019, Plaintiff served requests for admissions on Defendant Magallanes. (ECF No. 37, Exhibit A). On September 4, 2019, Plaintiff served requests for production of documents on Defendants. (*Id.*). Defendants objected to several of Plaintiff's requests on the grounds that they were "vague, ambiguous, and overbroad." (*Id.*).

On November 7, 2019, *nunc pro tunc*, Plaintiff filed a motion to compel

1

18cv259-CAB-MDD

Defendants to meet and confer on Defendants' objections to his requests for admissions and requests for production of documents. (ECF No. 37). The Court ordered the parties to meet and confer and file status reports following the meeting to inform the Court whether the dispute has been resolved, and if not, which issues remain. (ECF No. 40).

On December 9, 2019, the parties met and conferred telephonically. (ECF No. 41 at 1). As a result of the meet and confer, the parties were able to resolve all but four issues: Plaintiff's requests for production numbers 2, 3, 6, and 8. (*Id.*; ECF No. 44). For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel as presented in the parties' status reports. (ECF Nos. 41, 44).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District Courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another

reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## III. DISCUSSION

### 1. Requests for Production Numbers 2 and 3

Plaintiff requested Defendants produce "[s]till shots from each and every one of the surveillance camera(s) mounted in and ar[]ound Building B-6 where the events in controversy took place, i.e., photo(s) from each of the camera(s), one single shot" and "[m]aintenance reports relevant to teach and every one of the surveillance camera(s) mounted in and around Building B-6 where the events in controversy took place stating which cameras were functional on the date of 11,15,2016 and which were not." (ECF No. 37 at 18-19). As to both requests, Defendants responded that "[a]fter a diligent search and reasonable inquiry, no responsive documents or tangible things were located." (ECF No. 39-1 at 6-8). A party's statement that, after a reasonable and diligent search, there exist no responsive documents to a production request is an acceptable reply. *See Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). Plaintiff states that he told Defense counsel that the still shots are available if she requests

them from CDCR, but she responded that "it would be to create evidence which the Defense has no obligation to do." (ECF No. 44 at 2). If responsive documents do exist, but the responsive party claims lack of possession, custody or control, the party must state so. *Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Based on Defendants' supplemental responses, it does not appear that any documents were withheld. (*See* ECF No. 39-1 at 6-8). Accordingly, Plaintiff's motion to compel production of still shots and maintenance reports as presented in his status report is **DENIED**.

2. **Request for Production Number 6**

In his sixth request for production of documents, Plaintiff requests "[a] list of all Prisoner/Patient(s) who attended the Mental Health Group with Plaintiff Hammler on date of 11,15,2016." (ECF No. 37 at 20). Defendants objected on the grounds that the request "seeks information protected by third-parties' right to privacy," that the information is irrelevant and disproportionate to the needs of the case. (*Id.*). The Court may limit the scope of discovery to protect the privacy interests of litigants and third parties. *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). These inmates, as third parties, have the right to have their privacy protected. That right is not absolute and may be overcome by a strong showing of relevance. Plaintiff contends these inmates may have heard parties to this action "leveling threats during group."[1] (ECF No. 44 at 5). Plaintiff has only alleged that these inmates may have heard a threat

---

[1] Plaintiff's First Amended Complaint alleges that Defendant Hernandez pushed Plaintiff off of a stool at Mental Health Group on November 15, 2016 and told Plaintiff "I'm gonna escort you to yard and we'll see if you'll be talkin' all that shit . . . just go to yard and don't bitch out." (ECF No. 25 at 4-5).

4

during Mental Health Group. That is not enough. In any event, Plaintiff does have evidence to support his claim because he has presented another inmate's declaration regarding the alleged threats. (*See* ECF No. 25 at 5). As a result, the Court **DENIES** Plaintiff's motion to compel the names of the inmates who attended Mental Health Group on November 15, 2016.

### 3. Request for Production Number 8

Finally, Plaintiff seeks "[a]ll cell search rec[eipts] engendered on the date of 11,15,2016 and date of 11,28,2016." (ECF No. 7 at 21). The parties apparently did not discuss this request during the telephonic meet and confer. (*See* ECF Nos. 41, 44). Plaintiff alleges in the First Amended Complaint that correctional officers Hugh and Barrientos searched his cell on November 28, 2016. (ECF No. 25 at 11-12). Plaintiff alleges his cell was searched in retaliation for reporting Defendant Hernandez's behavior. (*Id.* at 11). However, Plaintiff does not allege his cell was searched on November 15, 2016. (*Id.* at 4-11). Defendants argue this information is irrelevant because Defendants did not search Plaintiff's cell. Because Plaintiff does not allege in his First Amended Complaint that his cell was searched on November 15, 2016, the Court agrees with Defendants that any cell search receipt on that date is irrelevant. However, because Plaintiff alleges that his cell was searched on November 28, 2016 in retaliation for reporting Defendant Hernandez's behavior, a cell search receipt is discoverable. Accordingly, Defendants must produce to Plaintiff a cell search receipt for a search of Plaintiff's cell conducted on November 28, 2016 to the extent that it exists.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel as presented in the parties' status reports. (ECF Nos. 41, 44). Specifically, Plaintiff's motion to compel requests

5

18cv259-CAB-MDD

for production numbers 2, 3, and 6 are **DENIED**, and Plaintiff's motion to compel request for production number 8 is **GRANTED IN PART**. To the extent such documents exist, Defendants must produce to Plaintiff a cell search receipt for a search of Plaintiff's cell conducted on November 28, 2016 on or before **January 22, 2020**.

Dated: January 8, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge