UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. HERNANDEZ, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv259-CAB-MDD<br><br>**ORDER DENYING WITHOUT PREJUDICE "OBJECTION TO EXPERTS"** [Doc. No. 50] |

Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis,* filed his complaint on February 2, 2018, pursuant to 42 U.S.C. §1983. This case is currently proceeding on Plaintiff's claim that Defendants retaliated against him in violation of the First Amendment. On February 3, 2020, Plaintiff filed an "Objection to Experts," which this Court has deemed a *Daubert* or *in limine* motion. [Doc. No. 51.] On February 18, 2020, Defendants filed an opposition to Plaintiff's Objection. [Doc. No. 54.] Plaintiff did not file a reply.

DISCUSSION

In the Objection, Plaintiff objects to the two witnesses listed in Defendants' Disclosure of Expert Witnesses, J. Martinez and E. Frijas. [See Doc. No. 54 at 7-10.] J. Martinez is a correctional lieutenant at Richard J. Donovan Correctional Facility (RJD). [Doc. No. 54 at 8, ¶1.] E. Frijas is a correctional counselor at RJD. [Doc. No. 54 at 8,

1

¶2.] Both individuals are listed on the Disclosure as Non-Retained Expert Witnesses. [Doc. No. 54 at 8.] Unretained experts are persons who may be asked for expert opinion testimony at trial but who are not engaged or employed by a party to testify. *Downey v. Bob's Discount Furniture Holdings, Inc.,* 633 F.3d 1, 6 (1st Cir. 2011). Unretained experts are those persons with percipient knowledge who happen to be an expert. It is common to list witnesses such as police officers or government investigators as unretained experts on a disclosure. *See* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2019) §11:386.

Under Federal Rule of Evidence 702, expert opinion evidence must be both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589-91, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). The district court functions as a gatekeeper, determining the relevance and reliability of expert testimony and deciding whether it will be admitted. *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 982 (9th Cir. 2011) (citations omitted). An expert is generally not permitted to opine on an ultimate issue of fact except in limited circumstances, since such opinions may "invade the province of" the jury. *See Nationwide Transport Finance v. Cass Information Systems, Inc*., 523 F.3d 1051, 1060 (9th Cir. 2008) ("evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible").

In the Objection, Plaintiff raises legitimate concerns about whether these non-retained experts should be allowed to give opinions that may be in the province of the jury or may lack foundation. [Doc. No. 50 at 1-2.] However, as Defendants point out, at this point in the litigation, it is premature for the Court to rule on such issues, as discovery is ongoing, Defendants have not proffered any specific opinion testimony, and no dispositive motions have been filed. It is difficult for the Court to rule on the admissibility of such testimony until more specificity is provided.

/ / / / /

/ / / / /

## CONCLUSION

For the reasons set forth above, Plaintiff's Objection to Experts **is DENIED WITHOUT PREJUDICE** to Plaintiff refiling the motion in conjunction with any dispositive motions or prior to trial.

**IT IS SO ORDERED.**

Dated: March 5, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge