1

2

3

4

5

6

7

8

9

10

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

11 | ALLEN HAMMLER,

12 |                         Plaintiff,

13 | v.

14 | J. HERNANDEZ, Correctional
Officer, and A. MAGALLANES,

15 | Correctional Officer,

16 |                     Defendants.

Case No.: 18-cv-0259-CAB-MDD

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

[ECF No. 65]

17

18

### I.      <u>INTRODUCTION</u>

19 Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se*

20 and *in forma pauperis*, initiated this action against Defendants J. Hernandez

21 and A. Magallanes (collectively, "Defendants") by filing a Complaint pursuant

22 to 42 U.S.C. § 1983.  (ECF Nos. 1, 25).  Presently before the Court is

23 Plaintiff's Motion to Compel Discovery Response, filed on April 24, 2020,

24 *nunc pro tunc.*  (ECF No. 65).

25 For the reasons stated herein, the Court **DENIES** Plaintiff's motion to

26 compel discovery responses.  (ECF No. 65).

27

18-cv-0259-CAB-MDD

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  "Information within the scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  District Courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response.  *Id.*  An objection must state whether any responsive materials are being withheld on the basis of that objection.  Fed. R. Civ. P. 34(b)(2)(C).  An objection to part of a request must specify the part and permit inspection or production of the rest.  *Id.*  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  A party propounding discovery may seek an order

compelling disclosure when the opposing party fails to respond, or contains unfounded objections, to discovery requests.  Fed. R. Civ. P. 37(a)(3)(B).

## III.   DISCUSSION

Plaintiff's motion does not specify which discovery requests are at issue, and instead asks for "all requested evidence" from Set Two, along with any "omitted discovery" from Defendants' responses.  (ECF No. 65 at 1). Defendants oppose Plaintiff's motion for its untimeliness along with Plaintiff's failure to meet the burden of proof under Federal Rule of Civil Procedure 37.  (ECF No. 69).  Regardless of this, and out of an abundance of caution, Defendants addressed each discovery request in Plaintiff's Request for Production, Set Two.  (*See Id.*).

## 1.   Timeliness

As a threshold issue, Defendants assert that Plaintiff's Request for Production, Set Two, was untimely because it was served less than 33 days before the close of discovery.  (ECF No. 69 at 2).  Although the Court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012) (en banc).  Courts, however, have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), overruled on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines."  Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing Tarantino v. Eggers, 380 F.2d 465, 468 (9th Cir. 1967)).

18-cv-0259-CAB-MDD

1    The Court waives the timeliness requirement in this instance because

2 of Plaintiff's status as a prisoner proceeding *pro se*.  Accordingly, the Court

3 overrules Defendants' objection to timeliness.

4  **2.      Request for Production, Set Two**

5    Plaintiff's motion requests Defendants to produce all evidence from his

6 Request for Production ("RFP"), Set Two, along with any omitted evidence

7 from their response dated March 20, 2020.  (ECF No. 65 at 1).  Plaintiff

8 supports his request by merely alleging that Defendants have not been

9 forthcoming.  (*Id.*).  He contends that Defendants are intentionally delaying

10 the production of documents, hindering his ability to timely review and

11 prepare his case.  *(See Id.* at 2).

12    On May 20, 2020, Defendants provided a detailed Response in

13 Opposition to Plaintiff's motion.  (ECF No. 69).  Defendants contend their

14 response was made in good faith and assert that any delay in production due

15 to the COVID-19 pandemic has not prejudiced Plaintiff due to the extension

16 of discovery deadlines.  (ECF No. 69-1).

17    On March 03, 2020, Defendants received Plaintiff's RFP, Set Two.

18 (ECF No. 69-1 at 2).  Plaintiff's RFP propounded 14 requests, numbered 14

19 through 28.  (*See Id.* at 7-20).  On March 20, 2020, Defendants responded to

20 Plaintiff's RFP, Set Two, by objecting and providing substantive responses

21 where applicable.  (*Id.*).  Due to direct impact of COVID-19 on prison

22 operations within the California Department of Corrections and

23 Rehabilitation, Defendants were unable to explicitly reply to the existence of

24 certain responsive documents.  (*Id.* at 2) [Declaration of Deputy A.G.

25 Cassandra J. Shryock].  In light of this, through continued communication

26 with Richard J. Donovan Correctional Facility ("RJD"), Defendants were able

27 to supplement their initial reply to provide substantive responses to

18-cv-0259-CAB-MDD

1 Petitioners RFP.  (*Id.* at 2-4, and 21-34).  Specifically, on April 24, May 7, and

2 May 18, 2020, Defendants supplemented their responses to unequivocally

3 and substantively reply to each unanswered request as responsive documents

4 were located by RJD staff.  (*Id.*).

5      Although Defendants were unable to fully and unequivocally respond to

6 the initial request, their efforts have not been discounted.  Defendants have

7 taken thorough measures to ensure responsive documents have been located

8 at RJD and provided them to Plaintiff.

9      Prior to Defendants' supplemental responses, on April 21, 2020, *nunc*

10 *pro tunc*, Plaintiff filed this motion requesting "omitted" responses which

11 have subsequently been provided by Defendants in their supplemental

12 responses.  Accordingly, Plaintiff's motion to compel the omitted responses is

13 **DENIED** as moot.  Plaintiff also requests that Defendants provide "all the

14 requested evidence" in his RFP, set two.  However, plaintiff does not point to

15 or cite any deficiencies in Defendants' responses.  Let alone, Plaintiff's motion

16 is the first time Defendants were made aware of any dissatisfaction to their

17 responses.  The Court cannot make assumptions on its own behalf as to

18 which requests Plaintiff believes are lacking.  Defendants made significant

19 efforts to respond to each request.  Therefore, the Court **DENIES** Plaintiff's

20 motion for further response.

21 **IV.   CONCLUSION**

22      Based on the foregoing, the Court **DENIES** Plaintiff's motion to compel

23 discovery response.  (ECF No. 65).

24 Dated:   June 22, 2020

25 _____

26 Hon. Mitchell D. Dembin
United States Magistrate Judge

27

18-cv-0259-CAB-MDD