UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                      Plaintiff,<br><br>v.<br><br>J. HERNANDEZ, et al.,<br><br>                      Defendant. | Case No.: 18cv259-CAB-MDD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 86], GRANTING MOTION FOR TERMINATING SANCTIONS [Doc. No. 81] AND DISMISSING CASE WITH PREJUDICE** |

      Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his complaint on February 2, 2018, pursuant to 42 U.S.C. §1983. [Doc. No. 1.] On October 23, 2020, Defendants filed a motion for terminating and monetary sanctions for Plaintiff's failure to participate in his deposition for a second time and to comply with court orders. [Doc. No. 81.] On November 16, 2020, Plaintiff filed an opposition to the motion. [Doc. No. 84.] On November 17, 2020, Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("Report") to grant the motion for terminating sanctions. [Doc. No. 86.] On December 3, 2020, Plaintiff filed objections to the Report. [Doc. No. 87.] On December 15, 2020, Defendants filed a reply to the objections. [Doc. No. 88.]

Having reviewed the matter *de novo* and for the reasons that follow, the Report is **ADOPTED** and the motion for terminating sanctions is **GRANTED**.

REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

DISCUSSION

As described at length in the Report [Doc. No. 86 at 2-6], Defendants have attempted to take Plaintiff's deposition for the last nine months. In the first deposition in March 2020, Plaintiff engaged in obstreperous behavior and failed to answer questions in a meaningful way. Defendants brought a motion to compel and for monetary sanctions. Magistrate Judge Dembin declined to impose monetary sanctions, but allowed Defendants to re-depose Plaintiff, and admonished Plaintiff that his behavior in the first deposition was inappropriate. When Plaintiff was re-deposed in September 2020, he again engaged in obstreperous behavior and failed to answer questions about Defendants' involvement in the incidents alleged in the complaint. Defendants now seek terminating sanctions for Plaintiff's failure to participate in a meaningful way in the second deposition. Magistrate Judge Dembin recommends granting the motion for terminating sanction because Plaintiff's failure to answer substantive questions about the allegations of the complaint was willful, and the five factors considered in the Ninth Circuit to determine whether terminating sanctions are appropriate (*see Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) weigh in favor of granting the motion.

In his objections, Plaintiff focuses primarily on the portion of the Report that summarizes Defendants' first attempt to depose Plaintiff on March 10, 2020. [Doc. No. 87 at 2-3.] But Magistrate Judge Dembin's recommendation is based on Plaintiff's refusal to answer appropriate questions about his current allegations at his September 23, 2020 deposition. [See Doc. No. 86 at 4-6.]

Plaintiff admits that he refused to answer questions at his September 23, 2020 deposition, but claims that the portions of the deposition transcript Magistrate Judge Dembin used as examples of his non-cooperation were not relevant to his current allegations. [See Doc. No. 87 at 6.] However, Defendants' knowledge of the incidents that they allegedly retaliated against Plaintiff for complaining about— whether it be from personal involvement or another source—is relevant to Plaintiff's claims and Defendants' possible defenses. *See Rhodes v. Robinson*, 621 F.3d 1002 (2010).

In his objections, Plaintiff now offers to stipulate that Defendants were not involved in three specific incidents. [See Doc. No. 87 at 6.] But this will not cure the prejudice Defendants have suffered. Despite two attempts to depose Plaintiff, and Plaintiff being admonished by the Court, Defendants still have not been able to ask Plaintiff questions about his allegations against them. Finally, Plaintiff's objections do not indicate that he will change his behavior.

CONCLUSION

For the reasons set forth above, the Report is **ADOPTED**, the objections are **OVERRULED**, the motion for terminating sanctions is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  December 21, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge