UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. HERNANDEZ, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv259-CAB-MDD<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL [Doc. No. 103]** |

　　Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his complaint on February 2, 2018, pursuant to 42 U.S.C. §1983. [Doc. No. 1.] On December 21, 2020, this Court issued an order granting Defendants' motion for terminating sanctions based on Plaintiff's failure to participate in his depositions, and dismissed the complaint with prejudice. [Doc. No. 89.] Judgment was entered accordingly. [Doc. No. 90.] On January 11, 2021, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. [Doc. No. 91.] On April 16, 2021, the appeal was dismissed. [Doc. No. 97.]

　　On August 26, 2022, Plaintiff filed a motion for reconsideration pursuant to Rule 60(b) of this Court's order granting the motion for terminating sanctions. [Doc. No. 98.] On September 2, 2022, this Court issued an order denying the motion for reconsideration on that grounds that it was untimely and without merit. [Doc. No. 99.] On October 7,

2022, Plaintiff filed a Notice of Interlocutory Appeal to the Ninth Circuit on this Court's Order denying the motion for reconsideration. [Doc. No. 100.]

On October 17, 2022, the Ninth Circuit Court of Appeals issued a Referral Notice, referring the matter to this Court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. [Doc. No. 103.]

A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. *See* Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

Here, the Court's order granting the Defendants' motion for terminating sanctions and dismissing the case was issued on December 21, 2020. [Doc. No. 89.] Plaintiff's Rule 60 motion, which is brought under reason (2) – newly discovered evidence—was not filed until August 26, 2022 – eight months after the one-year deadline. *See* Fed.R.Civ.P. 60(c)(1). Therefore, Plaintiff's motion was untimely. In addition, the document that Plaintiff submitted in support of the motion for reconsideration was irrelevant and not a basis for Rule 60 relief. [*See* Doc. No. 99 at 2-3.] Therefore, Plaintiff's appeal of the motion for reconsideration is frivolous. *See Neitzke*, 490 U.S. at 327.

Accordingly, the Court **CERTIFIES** that this current IFP appeal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk to notify Plaintiff and the Ninth Circuit Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4). Plaintiff may file a motion for leave to

proceed IFP on appeal in the Ninth Circuit Court of Appeals within thirty (30) days after service of the notice of this Order as prescribed in the Federal Rules of Appellate Procedure.  *See* Fed. R. App. P. 24(a) (5).

**IT IS SO ORDERED**.

Dated:  October 20, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge